UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED

2004 JUN 10 ⊃ 3: 38

| | |
|---|---|
| VENISE THERESA GONYA, as representative of the Estate of Joseph E. Gonya, deceased individually and on behalf of all others similarly situated,; ROXANNE S. SCAIFE, as representative of the Estate of Arnold L. Stone, deceased, individually and on behalf of all others similarly situated, ) ) ) ) ) ) ) ) | CIVIL ACTION NO. *C.04-221-M* |
| Plaintiffs, ) ) | COMPLAINT FOR DECLARATORY AND |
| vs. ) ) ) | INJUNCTIVE RELIEF – CLAIM OF UNCONSTITUTIONALITY |
| ROGER A. SEVIGNY, Commissioner of the State of New Hampshire Insurance Department, in his official capacity as Insurance Commissioner and liquidator of The Home Insurance Company; PETER W. HEED, Attorney General of New Hampshire, in his official capacity, ) ) ) ) ) ) ) | [CLASS ACTION] |
| Defendants. ) ) | |

## NATURE OF THE CASE

1.      New Hampshire Revised Statutes Annotated ("RSA") 402-C:40(I), part of

the Insurers Rehabilitation and Liquidation Statute, provides for third party claims against

an insolvent insurance company during liquidation.  When an insurance company enters

into formal liquidation proceedings, RSA 402-C:40(I) requires a third party claimant to

relinquish his or her common law claim against the insured as a requisite for submitting a

claim against the insurance company.  RSA 402-C:40(I) forces a claimant to give up a

common-law cause of action without procedural safeguards or meaningful access to

information.

*SM*
*6-15-04*

2.      Plaintiffs have been injured by tortious acts committed by entities insured or believed to be insured by The Home Insurance Company or its subsidiaries.  The Home Insurance Company is being liquidated by the State of New Hampshire Insurance Department.  The Insurance Commissioner instructed those persons who have a present claim against The Home Insurance Company to submit a Proof of Claim to preserve their right of payment by June 13, 2004.  (See Instructions for Filing a Proof of Claim Form and Claim Form attached as Exhibit A.)  This instruction also applies to persons whom it is believed may have a claim against the company now or in the future.  Pursuant to RSA 402-C:40(I), claimants will relinquish the right to sue companies insured by The Home Insurance Company for their tortious conduct.  (See Proof of Claim ¶ 14, Exhibit A.)

3.      RSA 402-C:40(I) provides:

> Whenever any third party asserts a cause of action against an insured of an insurer in liquidation, the third party may file a claim with the liquidator. The filing of the claim shall release the insured's liability to the third party on that cause of action in the amount of the applicable policy limit, but the liquidator shall also insert in any form used for the filing of third party claims appropriate language to constitute such a release. The release shall be void if the insurance coverage is avoided by the liquidator.

4.      Under the liquidation scheme as it currently stands, claimants must waive a constitutionally protected right in exchange for the benefit of filing a claim.

## PARTIES

### Plaintiffs

5.      Plaintiff Venise Theresa Gonya is a citizen of the United States and resides in Somersworth, New Hampshire.  She acts as representative of the Estate of Joseph E. Gonya, deceased.  Mr. Joseph E. Gonya's estate has tort claims against a company or companies insured by The Home Insurance Company.

6.      Plaintiff Roxanne S. Scaife is a citizen of the United States and resides in Amherst, New Hampshire.  She acts as representative of the Estate of Arnold L. Stone. Mr. Stone's estate has tort claims against a company or companies insured by the Home Insurance Company.

## Defendants

7.      Defendant Roger A. Sevigny is the Commissioner of the State of New Hampshire Insurance Department.  The Insurance Commissioner is charged with all duties pertaining to the enforcement and execution of insurance laws of the State of New Hampshire.  He is being sued in his official capacity.

8.      Defendant Peter W. Heed is the Attorney General of New Hampshire.  As Attorney General, he is the State's chief legal and law enforcement officer.  He is being sued in his official capacity.

## CLASS ACTION ALLEGATIONS

9.      This action is maintainable as a class action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure.

10.     Plaintiffs represent a class of persons consisting of the following individuals:

        a.  Those persons having a third party claim against The Home Insurance Company or its subsidiaries;

        b.  Those persons having a potential third party claim against The Home Insurance Company or its subsidiaries.

3

11.     This class is so numerous that joinder of all members is impracticable. The size of the class is presently unknown.  It consists of persons with existing or potential claims against the Home Insurance Company or its subsidiaries.

12.     There is a question of law common to the entire class, namely the constitutionality of RSA 402-C:40(I).

13.     Each member of the class has claims or defenses which are typical to the claims or defenses of the class.

14.     Defendants have acted on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declarative relief with respect to the class as a whole.  The class action form is the superior method for the fair and efficient adjudication of this controversy.

15.     Plaintiffs will fairly and adequately protect the interests of the class. Plaintiffs are represented by experienced counsel who will adequately represent the interests of the class.

## JURISDICTION AND VENUE

16.     This action arises under the First and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983.  Jurisdiction for a declaratory judgment is proper in this court pursuant to 28 U.S.C. § 2201(a), 28 U.S.C. § 1331 and 28 U.S.C. § 1343.  Plaintiffs intend to file a constitutional challenge to the statute under New Hampshire's Constitution in the Merrimack County Superior Court, to address state constitutional deficiencies.

17.     Venue is proper in this court under 28 U.S.C. § 1391(b).  The Defendants reside within the State of New Hampshire.  Defendant Roger A. Sevigny's principal

place of business is 56 Old Suncook Road, Concord, NH, 03301 in Merrimack County.

Defendant Peter W. Heed's principal place of business is 33 Capitol Street, Concord,

New Hampshire, 03301 in Merrimack County.

18.     All of the events that are the subject of this complaint took place within

the State of New Hampshire.  All or a substantial part of the claim arose within this

district.

19.     There is a present and actual controversy between the parties to this

action.  A declaration of the constitutional deficiencies of RSA 402-C:40(I) addressed in

this complaint is necessary and appropriate to determine the respective rights and duties

of the parties.

20.     Defendants have a clear, mandatory and ministerial legal duty to comply

with the due process provision of the United States Constitution.  Plaintiffs will suffer

irreparable harm if Defendants do not comply with constitutional mandates.

21.     No administrative remedies exist under RSA 402-C:40(I) to challenge the

constitutionality of the claim process itself.  Plaintiffs have no adequate remedy at law

other than the relief requested in this complaint.

### FIRST CAUSE OF ACTION

### Facial Violation of the First Amendment Right to Petition the Government

22.     Plaintiffs incorporate all of the allegations contained in the previous

paragraphs of this complaint as though fully set forth herein.

23.     RSA 402-C:40(I) violates the First Amendment right to petition the

government for a redress of grievances by conditioning the receipt of a benefit in

exchange for relinquishing a right of access to the courts. The statute as written provides no guarantee of any remedy or substantial right of redress whatsoever in exchange.

24.     At all times mentioned herein, Defendants were acting under color of state law. The application of RSA 402-C:40(I) deprives Plaintiffs and the class they represent of rights, privileges and immunities secured to them by the laws of the United States, in violation of the due process clause of the United States Constitution.

## SECOND CAUSE OF ACTION

### Violation of the First Amendment Right to Petition the Government as Applied

25.     Plaintiffs incorporate all of the allegations contained in the previous paragraphs of this complaint as though fully set forth herein.

26.     RSA 402-C:40(I) violates the First Amendment right to petition the government for a redress of grievances by conditioning the receipt of a benefit in exchange for relinquishing a right of access to the courts. The statute as applied provides no guarantee of any remedy or substantial right of redress whatsoever in exchange.

27.     At all times mentioned herein, Defendants were acting under color of state law. The application of RSA 402-C:40(I) deprives Plaintiffs and the class they represent of rights, privileges and immunities secured to them by the laws of the United States, in violation of the due process clause of the United States Constitution.

## THIRD CAUSE OF ACTION

### Facial Violation of Fourteenth Amendment Due Process Clause

28.     Plaintiffs incorporate all of the allegations contained in the previous paragraphs of this complaint as though fully set forth herein.

29.     RSA 402-C:40(I) violates the due process clause of the Fourteenth Amendment of the United States Constitution as written.

30.     At all times mentioned herein, Defendants were acting under color of state law.  The application of RSA 402-C:40(I) deprives Plaintiffs and the class they represent of rights, privileges and immunities secured to them by the laws of the United States, in violation of the due process clause of the United States Constitution.

## FOURTH CAUSE OF ACTION

### Violation of Fourteenth Amendment Due Process Clause as Applied

31.     Plaintiffs incorporate all of the allegations contained in the previous paragraphs of this complaint as though fully set forth herein.

32.     RSA 402-C:40(I) violates the due process clause of the Fourteenth Amendment of the United States Constitution as applied.

33.     At all times mentioned herein, Defendants were acting under color of state law.  The application of RSA 402-C:40(I) deprives Plaintiffs and the class they represent of rights, privileges and immunities secured to them by the laws of the United States, in violation of the due process clause of the United States Constitution.

## FIFTH CAUSE OF ACTION

### Violation of the Doctrine of Unconstitutional Conditions

34.     Plaintiffs incorporate all of the allegations contained in the previous paragraphs of this complaint as though fully set forth herein.

35.     RSA 402-C:40(I) violates the doctrine of unconstitutional conditions because it makes the receipt of the benefit of filing a claim against the liquidated

insurance company contingent on giving up a constitutionally protected right of action against the insured.

36.     At all times mentioned herein, Defendants were acting under color of state law.  The application of RSA 402-C:40(I) deprives Plaintiffs and the class they represent of rights, privileges and immunities secured to them by the laws of the United States, in violation of the due process clause of the United States Constitution.

## SIXTH CAUSE OF ACTION

### Violation of Civil Rights - 42 U.S.C. § 1983

37.     Plaintiffs incorporate all of the allegations contained in the previous paragraphs of this complaint as though fully set forth herein.

38.     By enforcing RSA 402-C:40(I), Defendants deny plaintiffs rights secured by the First and Fourteenth Amendments to the United States Constitution.

39.     At all times mentioned herein, Defendants were acting under color of state law.  The application of RSA 402-C:40(I) deprives Plaintiffs and the class they represent of rights, privileges and immunities secured to them by the laws of the United States.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request a trial on this Action before a jury on issues so triable, and that, upon a favorable verdict, this Honorable Court enter judgment in favor of Plaintiffs and against these Defendants, jointly and severally, as follows:

1.     A determination in accordance with Rule 23 of the Federal Rules of Civil Procedure that this action may be maintained as a class action;

2.     An injunction against the enforcement of the June 13, 2004 deadline for filing third party claims with the liquidator;

3.     A declaration that RSA 402-C:40(I) of the Insurers Rehabilitation and Liquidation Statute is unconstitutional as written and of no force or effect;

4.     A declaration that RSA 402-C:40(I) of the Insurers Rehabilitation and Liquidation Statute is unconstitutional as applied to Plaintiffs in The Home Insurance Company liquidation proceeding and of no force or effect;

5.     Costs (including reasonable attorney fees) pursuant to 42 U.S.C. §1988;

6.     Interest on the damages according to law; and

7.     Any such other and further relief as the Court deems just, proper and equitable.

### JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all issues so triable.

Dated:  June 10, 2004

Venice Theresa Gonya and
Roxanne S. Scaife,
By their attorneys
WATSON & LEMIRE, P.A.

By: _____
Thomas R. Watson, Esq.
NH Bar #2670

and

By: _____
Jennifer A. Lemire, Esq.
NH Bar #11316
75 Congress Street, Suite 211
Portsmouth, NH    03801
Telephone: (603) 436-7667

OF COUNSEL:

Alan Rich, Esq.
Stephen Blackburn, Esq.
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219-4281
Telephone:  (214) 525-3729