U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED

2004 JUN 10 P 3: 38

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| VENISE THERESA GONYA, as representative of the Estate of Joseph E. Gonya, deceased individually and on behalf of all others similarly situated,; ROXANNE S. SCAIFE, as representative of the Estate of Arnold L. Stone, deceased, individually and on behalf of all others similarly situated, | ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) CIVIL ACTION NO. *C04-221-M* |
| vs. | ) ) [CLASS ACTION] |
| ROGER A. SEVIGNY, Commissioner of the State of New Hampshire Insurance Department, in his official capacity as Insurance Commissioner and liquidator of The Home Insurance Company; PETER W. HEED, Attorney General of New Hampshire, in his official capacity, | ) ) ) ) ) ) |
| Defendants. | ) ) |

## MOTION FOR PRELIMINARY INJUNCTION – CLAIM OF UNCONSTITUTIONALITY

NOW COME Venise Theresa Gonya and Roxanne S. Scaife, plaintiffs in the above-entitled matter, through their counsel, Watson & Lemire, P.A., and pursuant to Rule 65 of the Federal Rules of Civil Procedure, moves for entry of a preliminary injunction prohibiting the Defendants from enforcing the June 13, 2004 deadline with respect to third parties filing Proof of Claims in The Home Insurance Liquidation and in support thereof says:

1

1.      On this date Plaintiffs have filed complaints with both this Court and the

Merrimack County Superior Court alleging that New Hampshire Revised Statutes Annotated

("RSA") 402-C:40(I) violates both the Constitution of the United States and New Hampshire's

Constitution as written and as applied to Plaintiffs.

2.      RSA 402-C:40(I) creates an unconstitutional condition whereby the receipt of the

benefit of filing a claim with the liquidator is conditioned on giving up a right of action against

the insurance carrier's insured tortfeasor, thus forcing Plaintiffs to either give up a right protected

by the First and Fourteenth Amendments or lose the benefit of filing a claim against The Home

Insurance Company.

3.      A preliminary injunction is necessary to preserve Plaintiffs' rights under the *status

quo ante*.

## MEMO STATEMENT, LR 7.1(a)(2)

4.      Further support for this Motion is found in the attached Memorandum of Law.

## CONCURRENCE STATEMENT, LR 7.1(c)

5.      This Motion is being filed concurrently with the Plaintiffs' Complaint and as a

result no counsel have yet appeared for Defendants from whom concurrence may be sought.

## PROPOSED ORDER, LR 65.1

6.      Pursuant to Local Rule 65.1, a proposed order relative to the preliminary

injunction requested herein is attached hereto.

Dated:  June 10, 2004

Respectfully submitted,
Venice Theresa Gonya and
Roxanne S. Scaife, Plaintiffs
By their attorneys
WATSON & LEMIRE, P.A.

By: _____
Thomas R. Watson, Esq.
NH Bar #2670

and

By: _____
Jennifer A. Lemire, Esq.
NH Bar #11316
75 Congress Street, Suite 211
Portsmouth, NH    03801
Telephone: (603) 436-7667

OF COUNSEL:

Alan Rich, Esq.
Stephen Blackburn, Esq.
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219-4281
Telephone:  (214) 525-3729

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


| | |
|---|---|
| VENISE THERESA GONYA, as representative of the Estate of Joseph E. Gonya, deceased individually and on behalf of all others similarly situated,; ROXANNE S. SCAIFE, as representative of the Estate of Arnold L. Stone, deceased, individually and on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br>vs.<br><br>ROGER A. SEVIGNY, Commissioner of the State of New Hampshire Insurance Department, in his official capacity as Insurance Commissioner and liquidator of The Home Insurance Company; PETER W. HEED, Attorney General of New Hampshire, in his official capacity,<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO. *C.04-221-M*<br>)<br>) [CLASS ACTION]<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION – CLAIM OF UNCONSTITUTIONALITY

### PRELIMINARY STATEMENT

This action challenges the constitutionality of New Hampshire Revised Statute Annotated

("RSA") 402-C:40(I). The statute provides for third party claims against an insolvent insurance

company during liquidation. When an insurance company enters into formal liquidation

proceedings, RSA 402-C:40(I) requires a third party claimant to relinquish his or her common

law claim against the insured as a requisite for submitting a claim against the insurance company.

1

The statute effectively forces a claimant to give up a common-law cause of action in exchange for the benefit of filing a claim.

The statute places Plaintiffs in an egregiously unconstitutional dilemma by forcing them to choose between two important constitutional rights. Plaintiffs have a right to sue the insured tortfeasor, protected by the First Amendment. Plaintiffs also have a First Amendment right to file a claim in the liquidation as a benefit created by the state. Under RSA 402-C:40(I), however, Plaintiffs must make an irrevocable choice between pursuing one constitutionally protected right or the other. The state will not allow people to participate in the liquidation claims process unless they give up their right to sue the insured companies. Conversely, if a plaintiff wishes to retain the right to sue the insured tortfeasor, they will lose the right to petition the state for compensation available to other claimants.

Plaintiffs filing claims in liquidation have absolutely no guarantee to any recovery. The statute provides no recourse for a claimant if the insurance company's assets are inadequate to pay the claims. Yet, Plaintiffs cannot regain the cause of action against the tortfeasor unless the insurance commissioner avoids coverage for their claim. Some people may receive no compensation whatsoever, while others who would have likewise received no compensation may regain the right to sue. Whether one will regain their common law cause of action is not based on the underlying remedy or the substantive merit of his or her claim, but rather on whether the insurance commissioner successfully avoids coverage for the time period of the alleged injury.

As of the filing deadline, Plaintiffs have no basis to predict what their recovery may be, or whether they may recover any compensation by submitting a claim to the liquidator. At a minimum, the state's liquidation procedure should give third parties adequate information and

2

enough time to make a knowing and informed choice.  Instead, the statute forces Plaintiffs to make an irrational decision to give up one or the other constitutionally protected right based solely on speculation and guesswork.  Plaintiffs maintain the state cannot condition the receipt of the benefit of filing a claim on the surrender of constitutional rights.  Compelling a choice between filing a claim against the carrier--or filing a lawsuit against the insured--forces them to choose which constitutional right to surrender.  This is not constitutionally permissible.

The named Plaintiffs represent a class injured by tortious acts committed by entities insured or believed to be insured by The Home Insurance Company or its subsidiaries.  The Home Insurance Company is being liquidated by the State of New Hampshire Insurance Department.  The Insurance Commissioner instructed those persons who have a present claim against The Home Insurance Company to submit a Proof of Claim to preserve their right of payment by June 13, 2004.  (*See* Instructions for Filing a Proof of Claim Form and Claim Form attached as Exhibit A.)  This instruction also applies to potential claimants who may have claims against the company in the future.  Pursuant to RSA 402-C:40(I), claimants must relinquish the right to sue companies insured by The Home Insurance Company for their tortious conduct if they wish to receive the benefit of filing a claim.  (See Proof of Claim ¶ 14, Exhibit A.)  Plaintiffs seek preliminary injunctive relief to prevent irreparable harm to their constitutional rights.

**STATUTORY FRAMEWORK**

RSA 402-C:40(I) provides:

> Whenever any third party asserts a cause of action against an insured of an insurer in liquidation, the third party may file a claim with the liquidator. The filing of the claim shall release the insured's liability to the third party on that cause of action in the amount of the applicable policy limit, but the liquidator shall also insert in

3

any form used for the filing of third party claims appropriate language to constitute such a release. The release shall be void if the insurance coverage is avoided by the liquidator.

## ARGUMENT

Courts consider four factors in determining whether to grant a preliminary injunction: (1) whether the plaintiff is likely to succeed on the merits; (2) whether the plaintiff will be irreparably harmed if the injunction is denied; (3) whether the balance of hardships tips in plaintiff's favor; and (4) whether the court's ruling will serve the public interest. *See Ross-Simons of Warwick, Inc. v. Baccarat, Inc.,* 102 F.3d 12, 15 (1st Cir. 1996); *Narragansett Indian Tribe v. Guilbert,* 934 F.2d 4, 5 (1st Cir. 1991). Since conditioning the receipt of a benefit on the relinquishment of a constitutional right violates the First Amendment and the Due Process Clause of the Constitution of the United States, Plaintiffs satisfy the elements necessary for a preliminary injunction in this motion, as set forth below.

**I.     PLAINTIFFS ARE LIKELY TO SUCCEED ON THE MERITS OF THEIR CLAIM THAT THE ACT IS UNCONSTITUTIONAL.**

    **A.  RSA 402-C:40(I) Violates the First Amendment by Creating an Unconstitutional Condition.**

        **1.  Plaintiffs Have a Constitutionally Protected Right to Access Courts.**

The right to sue is protected by the First Amendment, among other constitutional provisions. The Supreme Court recognized long ago:

> The right to sue and defend in the courts is... one of the highest and most essential privileges of citizenship, and must be allowed by each state to the citizens of all other states to the precise extent that it is allowed to its own citizens. Equality of treatment in this respect is not left to depend upon comity between the states, but is granted and protected by the Federal Constitution.

*Chambers v. Baltimore & Ohio R.R. Co.,* 207 U.S. 142, 149, 28 S. Ct. 34, 36 (1907).

"There is a constitutional right of access to the courts." *Rogan v. City of Boston*, 267 F.3d 24, 28 (1st Cir. 2001). In *California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 510, 92 S.Ct. 609, 611 (1972), the Supreme Court recognized that the right of access to the courts is an aspect of the First Amendment right to petition the Government for redress of grievances. *See also, Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 741, 103 S.Ct. 2161 (1983). In a recent slip opinion, a Massachusetts District Court explained that the right to access the court "is grounded in the First Amendment Petition Clause, the Fifth Amendment Due Process Clause, and The Fourteenth Amendment Equal Protection and Due Process Clauses." *Deamicis v. Mosey*, 2004 WL 57075 (D. Mass. 2004) (*citing Christopher v. Harbury*, 536 U.S. 403, n.12 122 S.Ct. 2179 (2002)).

Plaintiffs likewise have a First Amendment right to petition the State of New Hampshire for compensation. The liquidation proceeding must be administered fairly and have a rational system of apportionment. As the state supreme court recognized, "[t]he State must grant privileges, as well as impose restrictions, with an even hand." *Gazzola v. Clements*, 120 N.H. 25, 30, 411 A.2d 147, 151 (N.H. 1980). RSA 402-C:40(I) fails this mandate. Some persons may regain a right to sue under the section if the liquidator shows that the carrier is not liable under the policy on their claim, whereas others might receive no compensation whatsoever, yet still not regain their cause of action against the insured. No matter which option a plaintiff elects under the statute, a plaintiff will be giving up a constitutionally protected right.

### 2.      The State Cannot Condition a Benefit on a Relinquishment of a Constitutional Right.

A well-established principle of constitutional law is that the government may not grant a

benefit on the condition that the beneficiary surrender a constitutional right, even if the

government may withhold that benefit altogether. *See e.g.*, *Dolan v. City of Tigard*, 512 U.S.

374, 385, 114 S.Ct. 2309 (1994); *Welch v. Paicos*, 66 F. Supp.2d 138, 180 (D. Mass. 1999); 16

Am. Jur. *Const. Law* § 395; Kathleen M. Sullivan, *Unconstitutional Conditions*, 103 HARV. L.

REV. 1413 (1989).  The First Circuit most recently referred to the doctrine of unconstitutional

conditions in *Philip Morris, Inc. v. Reilly*, when holding that a Massachusetts law requiring

tobacco companies to disclose their ingredients subjected them to an unconstitutional condition.

312 F.3d 24, 46 (1st Cir. 2002).  The case involved a statute requiring cigarette manufacturers to

either disclose their intellectual property or not sell their products in Massachusetts.  The court

determined that forcing cigarette manufacturers to make this choice fell under the

unconstitutional conditions doctrine.  The question as the court viewed it was whether through

the Disclosure Act the state could "constitutionally condition the right to sell tobacco products in

Massachusetts on submission to this scheme."  *Id*.  The court concluded it could not.

The First Circuit articulated the unconstitutional conditions doctrine elsewhere citing a

litany of cases where it was applied by the Supreme Court:

> Since *Frost* [*v. Railroad Commission*, 271 U.S. 583, 593-94, 46 S.Ct. 605,
> 607], which struck down a state statute conditioning the use of public
> highways on compliance with regulatory requirements otherwise violative
> of the due process clause, the doctrine of unconstitutional conditions has
> been applied in the context of numerous constitutional protections, *e.g.*,
> *Perry v. Sindermann*, 408 U.S. 593, 598, 92 S.Ct. 2694, 2698, 33 L.Ed.2d
> 570 (1972) (state may not condition continued public employment on
> relinquishment of protected speech rights); *Sherbert v. Verner*, 374 U.S.
> 398, 83 S.Ct. 1790, 10 L.Ed.2d 965 (1967) (state may not condition receipt

6

of unemployment benefits on relinquishment of right to free exercise of
religion); *Garrity v. New Jersey*, 385 U.S. 493, 87 S.Ct. 616, 17 L.Ed.2d
562 (1967) (state may not condition continued public employment on
relinquishment of right to invoke Fifth Amendment privilege against
self-incrimination); *id.* at 500, 87 S.Ct. at 620 (collecting cases discussing
other "rights of constitutional stature whose exercise a state may not
condition by the exaction of a price")....

*Blackburn v. Snow*, 771 F.2d 556, 568 (1st Cir. 1985); *see also, Clifton v. Federal Election Comm'n*, 114 F.3d 1309, 1315 (1st Cir. 1997) (doctrine of unconstitutional conditions applied to situation where FEC rule required a surrender of rights in order to publish political information in voter guides).

If giving up an intellectual property right in exchange for being allowed to sell cigarettes is substantial enough an imposition to fall under the unconstitutional conditions doctrine, injured individuals being forced to give up First Amendment rights to petition and redress raises even more serious constitutional concerns. Filing a claim with the liquidator cannot be conditioned on releasing a constitutionally protected right to sue an insured company. Under the *status quo ante*, Plaintiffs have a right to recovery for their damages from the insured and from the insurance company if the insurance carrier is liable on the policy to the insured. The statute forces Plaintiffs to give up one of these two rights by conditioning the receipt of the benefit of filing a claim on the right to access the courts.

**B.      RSA 402-C:40(I) Violates Due Process by Creating an Unconstitutional Condition.**

Plaintiffs do not base their objection merely on the uncertainty of recovery should they file a Proof of Claim. It is the Proof of Claim procedure itself which is unconstitutional, irrespective of what recovery a plaintiff may ultimately obtain. The Proof of Claim does not

7

necessarily offer any form of redress in exchange for the release of a constitutionally protected right. The choice Plaintiffs are thus forced to make is unconstitutional. Moreover, the procedure as set forth by the statute and as being applied to Plaintiffs violates their due process rights.

### 1. Plaintiffs Have a Property Interest in a Cause of Action That Should Be Protected By Procedural Safeguards.

The Supreme Court stated long ago, "a vested right of action is property in the same sense in which tangible things are property, and is equally protected from arbitrary interference." *Pritchard v. Norton*, 106 U.S. 124, 132, 1 S. Ct. 102, 107 (1882). Elsewhere the Supreme Court explained that a substantial right, such as the right to sue, needs to be protected by some effective procedure. *Gibbes v. Zimmerman*, 290 U.S. 326, 332, 54 S.Ct. 140 (1933).

Plaintiffs assert that a preliminary injunction must be issued in this case because RSA 402-C:40(I) provides no effective procedure whatsoever in exchange for Plaintiffs giving up their property interest in the right to sue the insured. The insurance liquidation scheme is not like a workers' compensation statute that provides for a definite, smaller recover in exchange for the right to file suit against the employer. Under RSA 402-C:40(I) there simply is no substantial right to redress as required by *Gibbes*. As the Supreme Court noted in *Christopher v. Harbury*, "the very point of recognizing any access claim is to provide some effective vindication for a separate and distinct right to seek judicial relief for some wrong." 536 U.S. at 414. In this case Plaintiffs are confronted with a choice they cannot constitutionally be required to make, since doing so will leave no effective vindication of their rights.

To the extent that the State of New Hampshire can force Plaintiffs to waive such a right at all, at a bare minimum it must be in the context of a system providing due process allowing

8

meaningful access to information upon which to intelligently and knowingly waive those rights. Arbitrarily forcing Plaintiffs to make a decision by June 13, 2004, without entitling them to a process by which the decision can be made intelligently and knowingly violates Plaintiffs' due process rights. As the First Circuit noted, it "can be a deprivation of life, liberty, or property, without due process of law, in violation of the Fourteenth Amendment, for state officials to deny a person adequate, effective and meaningful access to the courts." *Germany v. Vance*, 868 F.2d 9, 11 (1st Cir. 1989) (citations omitted).

Even in a criminal context, a criminal defendant cannot "bargain away his constitutional rights without receiving in return either the benefit of his bargain..., or, if the court rejects that bargain, reinstatement of the rights surrendered...." *United States v. Brummett*, 786 F.2d 720, 722 (6th Cir.1986) (citation omitted); *see also Santobello v. New York*, 404 U.S. 257, 262-63, 92 S.Ct. 495, 498-99, 30 L.Ed.2d 427 (1971) (although there is no absolute right to have a guilty plea accepted, once a promise is made, the cure for a broken plea is specific performance of the plea agreement or opportunity to withdraw the plea). Under RSA 402-C:40(I), there is simply no way of knowing whether Plaintiffs will receive the benefit of their bargain if they surrender their causes of action in exchange for filing a claim with the liquidator. Once they make the election to sign the release, however, there is no way for them to reclaim the right to pursue a remedy against the tortfeasor.

### 2. A Waiver of the Right to Sue Must be Made Voluntarily, Intelligently, and Knowingly.

In a case involving a *cognovit* provision where a sophisticated party waived its right to an adjudication of debt, the Supreme Court was confronted with the question of whether the right to

an adjudication by a court on a debt could be waived at all. *D.H. Overmyer Co. of Ohio v. Frick Co.*, 405 U.S. 174, 186 92 S. Ct. 775, 782 (1972). At the conclusion of the Court's analysis, Justice Blackmun explained, "We therefore hold that Overmyer, in its execution and delivery to Frick of the second installment note containing the *cognovit* provision, **voluntarily, intelligently, and knowingly** waived the rights it otherwise possessed to prejudgment notice and hearing, and that it did so with full awareness of the legal consequences." *Id.* at 187 (emphasis added). The implication of the decision in *Overmyer* suggests that where the decision is not made voluntarily, intelligently and knowingly, the First Amendment right to access the court cannot be waived. There are no procedural due process safeguards provided by RSA 404-C:40(I) ensuring an intelligent and knowing release of the claim against the insured.

In order for Plaintiffs to voluntarily, intelligently and knowingly waive their rights under RSA 404-C:40(I), more information must be made available in a process that ensures their due process rights are not violated. As of the June 13, 2004 deadline for choosing to file a Proof of Claim or pursuing their tort claim, Plaintiffs have no basis for making an intelligent and knowing waiver. RSA 404-C:40(I) fails to provide any due process in this regard, and is therefore invalid on its face and as applied to Plaintiffs.

**C.     Enforcement of RSA 402-C:40(I) Violates 42 U.S.C. § 1983.**

Section 1983 creates a cause of action against those who, acting under color of state law, deprive individuals of "any rights, privileges or immunities secured by the Constitution and laws" of the United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908 (1981) *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986); *Rodriguez-Cirilo v. Garcia*, 114 F.3d 50, 52 (1st Cir. 1997). To be held liable, Defendant's

10

conduct must be a cause in fact of the alleged deprivation. *See Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 692, 98 S.Ct. 2018 (1978); *Soto v. Flores*, 103 F.3d 1056, 1061-62 (1st Cir. 1997). In this case, Defendants are acting pursuant to RSA 402-C:40(I). In upholding the unconstitutional statute, Defendants force Plaintiffs to choose which deprivation to suffer, either of forgoing the benefit of filing a claim or relinquishing their common law right to sue. Defendants, by enforcing the unconstitutional condition, are a cause in fact of Plaintiffs' First and Fourteenth Amendment deprivations.

## II.    AN INJUNCTION IS NECESSARY TO PREVENT IRREPARABLE HARM.

Unless RSA 404-C:40(I) is declared unconstitutional, Plaintiffs with third party claims against The Home Insurance Company will suffer irreparable harm. As of the June 13, 2004 filing deadline, plaintiffs will either lose the right to file a claim against The Home Insurance Company, or if they sign the release they will lose the right to file a claim against the insured tortfeasor. This deprivation of constitutional rights establishes irreparable harm. "The loss of First Amendment freedoms, even for minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373, 96 S.Ct. 2673, 2689 (1976*); see also, Burelle v. City of Nashua*, 599 F. Supp. 792 (D.C.N.H. 1984). The state supreme court explained that where "a party raises a due process violation that fundamentally impedes the fairness of an underlying proceeding" it necessarily "result[s] in immediate and irreparable harm to that party." *Thompson v. N.H. Bd. of Medicine*, 143 N.H. 107, 110, 719 A.2d 609, 612 (1998). Forcing Plaintiffs to make a decision without adequate information violates Plaintiff's First and Fourteenth Amendment rights. Since this harm is immediate and irreparable, an injunction should be issued to prevent this violation of rights.

11

## III.  THE BALANCE OF HARDSHIPS FAVORS THE INJUNCTION.

The irreparable harm to the Plaintiffs far outweighs the hardship to the State.  The third party claimants represent a relatively small portion of the total claims against The Home Insurance Company.  Allowing Plaintiffs to assert claims against The Home Insurance Company and the insured company would not prohibit the liquidation from moving forward.  In the alternative, extending the deadline of June 13, 2004 until such time as third party claimants are allowed a hearing or some form of due process allowing them to determine whether they should relinquish their right to sue insured companies in favor of filing a Proof of Claim will not substantially interfere with the liquidation proceedings.

## IV.  THE INJUNCTION SERVES THE PUBLIC INTEREST.

Protecting Plaintiffs' constitutional rights is in the public interest.  *See, e.g., Gannett Co., Inc. v. DePasquale*, 443 U.S. 368, 383, 99 S.Ct. 2898, 2907 (1979).  The court should act to preserve the rights of Plaintiffs by ensuring they are not forced to give up their rights of action against insured companies, nor their rights against The Home Insurance Company.

### CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request this Court grant Plaintiffs' motion for a preliminary injunction.

12

Dated:  June 10, 2004

Respectfully submitted,
Venice Theresa Gonya and
Roxanne S. Scaife, Plaintiffs
By their attorneys
WATSON & LEMIRE, P.A.


By: _____
Thomas R. Watson, Esq.
NH Bar #2670

and


By: _____
Jennifer A. Lemire, Esq.
NH Bar #11316
75 Congress Street, Suite 211
Portsmouth, NH     03801
Telephone: (603) 436-7667

OF COUNSEL:

Alan Rich, Esq.
Stephen Blackburn, Esq.
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219-4281
Telephone:  (214) 525-3729

13